The decision below is hereby signed, and it is not deemed to merit publication in West's Bankruptcy Reporter.  Dated: August 9, 2007.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re ) | |
| ) | |
| ALPHA RESTAURANT INC., ) | Case No. 05-00570 |
| ) | (Chapter 7) |
| Debtor. ) | |
| _____ ) | |
| ) | |
| MARC ALBERT, TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding No. |
| ) | 07-10012 |
| ANGELO MAGAFAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM DECISION RE MOTION FOR APPROVAL OF SETTLEMENT

The plaintiff and the defendants appeared through counsel at a hearing on July 23, 2007, regarding the Motion for Approval of Settlement filed by the defendants.  Notice of the settlement has been given to all creditors, and no objections were filed.  Richard Gins, counsel for the defendants, advised that the settlement called for the defendants to pay $25,000.00 in exchange for a dismissal with prejudice of the adversary proceeding, and that the settlement did not include the term,

recited in the proposed order he submitted, that the complaints filed by Yves Courbois in the Superior Court for the District Of Columbia, Case Numbers 03-8538 and 05-4342, "being an asset of the estate [are] to be dismissed with prejudice by Mark L. Shaffer, Attorney for Yves Courbois."  Rather than reflecting the terms of the settlement agreement, it was Gins's hope that the provision would serve as a declaration by this court as to the impact of the settlement on Courbois's claims.  The defendants maintain that the claims that Courbois sued upon in the Superior Court were claims of the debtor's bankruptcy estate, and that Courbois's attorney acknowledged that fact in furnishing to the bankruptcy trustee information regarding the claims.

At the hearing, I held that the issue of the impact of the settlement was not properly before the Bankruptcy Court, as an adversary proceeding against Courbois would be necessary to obtain a declaratory judgment in that regard.  (Moreover, the Bankruptcy Court would likely lack subject matter jurisdiction to entertain such a declaratory judgment proceeding regarding the impact of an approval of the settlement because the impact of the settlement would not appear to affect the bankruptcy trustee's administration of the debtor's bankruptcy estate.)  The defendants, however, remain free to raise in the Superior Court, or in any other court having subject matter jurisdiction, the issue of the impact of the settlement on the complaints Courbois

filed in the Superior Court.

    Accordingly, I will approve the settlement, but the settlement does not include any term regarding the impact of the settlement on the complaints filed by Courbois in the Superior Court.  An order follows.

                                         [Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee; and

Mark L. Shaffer
Shaffer, Bock & Antonoplos, PLLC
1211 Connecticut Avenue, NW Suite 400
Washington, DC 20036